UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                  Criminal Case No. 13-20184

Rickey Lee Martin, Jr.,                                 Honorable Sean F. Cox

    Defendant.
_____/

## OPINION & ORDER

Defendant Rickey Lee Martin, Jr. ("Martin") is charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). But this is not a typical felon-in-possession case where the Defendant is arrested or stopped by the police and is found to have a fiream on his or her person. The Government seeks to establish that it was Martin who was driving a certain vehicle that was being pursued by the police when the driver tossed a gun from the vehicle and then fled on foot. The driver of the vehicle, however, was not apprehended at the scene. The police later arrested and charged Martin.

The parties have filed the following motions which were heard by the Court on July 16, 2013: 1) the Government's Motion to Admit 404(b) Evidence (Docket Entry No. 17); 2) Martin's Motion for Disclosure of Discovery and *Brady*/*Giglio* Material (Docket Entry No. 19); and 3) Defendant's Motion to Exclude Evidence of Defendant's Prior Convictions (Docket Entry No. 21).

For the reasons set forth below, the Court shall deny the Government's Motion to Admit 404(b) Evidence because the Court does not believe the Government has established a proper

1

purpose for the admission of the evidence at issue and, even if it could, the probative value of that evidence would be substantially outweighed by the prejudicial effect of the evidence.

The Court shall also grant Defendant's related motion to Exclude Evidence of Defendant's Prior Criminal Convictions. The Court's ruling on this motion, however, does not apply to certain portions of an audio tape that were referenced for the first time at the July 16, 2013 hearing.

Finally, the Court shall deny without prejudice Defendant's overly-broad and unspecified discovery motion.

## BACKGROUND

On January 31, 2013, at approximately 11:30 p.m., Chavonne Simmons ("Simmons") placed a 911 call to the Westland Police, stating that a man was at her front door threatening her with a gun. She allegedly told the dispatcher that it was Martin outside her door with a hand gun. She allegedly gave a description of Martin and said that he arrived at her house in a white Impala car. She also told the dispatcher that her child's father, later identified as Jawara Nelson was in the house with her.

Officers were en route to Simmons's residence when they were re-directed to a nearby spot on Michigan Avenue where the white Impala had been spotted. They approached and pursued the white Impala. There were multiple police vehicles. During the pursuit, during which sirens and lights were activated, a hand gun was tossed out of the driver's side of the Impala. The Impala ultimately stopped and the driver fled on foot. The officers recovered the gun that had been tossed from the vehicle. The officers believed the driver entered a specific house but they did not attempt to enter the house, instead opting to impound and tow the vehicle and obtain

charges against Martin. The Impala had apparently been rented by Simmons a few days prior to the incident.

## ANALYSIS

**I.    The Government's Motion To Admit 404(b) Evidence and Defendant Martin's Motion To Exclude Evidence Of Defendant's Prior Convictions And Prior Conduct**

On May 23, 2013, the Government filed a motion asking the Court to admit certain evidence under Fed. R. Evid. 404(B). (Docket Entry No. 17).

Martin filed a response opposing that motion and also filed his own Motion asking the Court to issue an order, under Fed. R. Evid. 609 and 403, excluding from trial all evidence of his prior convictions and prior charged and uncharged conduct. (Docket Entry No. 21). Although Martin references Fed. R. Evid. 609 in his motion, the Government does not appear to want to use Martin's prior convictions for impeachment purposes, and therefore the Court finds that these motions should be evaluated under Fed. R. Evid. 404(b), which has a 403-unfair-prejudice inquiry built into the analysis. The Court will therefore analyze both of these pending motions under Fed. R. Evid. 404(b).

"Rule 404(b) bars the admission of 'propensity evidence,' defined as '[e]vidence of a crime, wrong, or other act . . . To prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Flagg v. City of Detroit,* 715 F.3d 165, 175 (6th Cir. 2013) (quoting Fed. R. Evid. 404(b)(1)). "However, it permits the admission of prior 'bad acts' for other purposes, 'such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *Id*. (quoting Fed. R. Evid. 404(b)(2)).

"The Rule 404(b) inquiry consists of three parts. First, the trial court must make a

3

preliminary determination as to whether sufficient evidence exists that the prior act occurred. Second, the district court must make a determination as whether the 'other act' is admissible for a proper purpose under Rule 404(b). Third, the district court must determine whether the 'other acts' evidence is more prejudicial than probative under Rule 403." *United States v. Mack*, 258 F.3d 548, 554 (6th Cir. 2001); *see also Flagg*, 715 F.3d at 176.

Here, the Government wishes to present evidence of Martin's prior firearms convictions and concomitant conduct. The conduct at issue occurred on December 20, 2000, and on May 21, 2002. The Government describes the uncharged conduct at issue as follows:

> *(i) The December 20, 2000 gun incident*
> On December 20, 2000, Inkster Police conducted a traffic stop upon a vehicle driven by defendant Martin. After defendant Martin was asked to exit the vehicle, he fled onto a porch and tossed a black firearm into the bushes. On February 21, 2001, Mr. Martin pled guilty to the offense in the Wayne County Circuit Court. On March 21, 2001, defendant Martin was sentenced to two years probation with the first six months in the Wayne County Jail. On January 24, 2001, a probation violation warrant issued due to another gun arrest on December 19, 2001. On May 15, 2002, Mr. Martin's probation was closed without improvement.
>
> *(ii) The May 21, 2002 gun incident*
> On May 21, 2002, six days after the above matter was closed without improvement, the defendant was walking through the City of Inkster housing property with an individual named Barry Leroy-Rondre Alexander. Both individuals had previously seen served with disbarment letters which precluded them from entering onto City of Inkster housing property and subjected them to arrest for trespassing upon violation. As officers were approaching the individuals, defendant Martin began to flee, with an officer chasing him, while Alexander was taken into custody. Defendant Martin was observed bobbling a firearm he was holding. Eventually, defendant Martin tossed the firearm.
> A jury, in the United States District Court for the Eastern District of Michigan, convicted the defendant of Felon in Possession of a Firearm for this offense . . .

(Govt's Br., D.E. No. 17, at 5-6).

Given that Martin was convicted as to the uncharged conduct at issue, there does not

appear to be any dispute as to the first inquiry – whether sufficient evidence exists that the prior act occurred. Rather, the real inquiry is whether there is a proper purpose for the Government's use of the evidence and whether that evidence is more prejudicial than probative.

In *United States v. Merriweather*, 78 F.3d 1070 (6th Cir. 1996), the Sixth Circuit set forth the proper procedure for a making a Rule 404(b) determination:

> Upon objection by the defendant, the proponent of the evidence, usually the government, should be required to identify the *specific* purpose or purposes for which the government offers the evidence of "other crimes, wrongs, or acts." By so requiring, we do not mandate hyper technicality. It is true that whether 404(b) evidence is admissible for a particular purpose will sometimes be unclear until late in the trial because whether a fact is "in issue" often depends on the defendant's theory and the proofs as they develop. Nevertheless, the government's purpose in introducing the evidence must be to prove a fact that the defendant has placed, or conceivably will place, in issue, or a fact that the statutory elements obligate the government to prove.
>
> After requiring the proponent to identify the specific purpose for which the evidence is offered, the district court must determine whether the identified purpose, whether to prove *motive* or *intent* or *identity* some other purpose, is "material"; that is, whether it is "in issue" in the case. If the court finds it is, the court must *then* determine, before admitting the other acts evidence, whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403. If the evidence satisfies Rule 403, then, after receiving the evidence, the district court must "clearly, simply, and correctly" instruct the jury as to the *specific* purpose for which they may consider the evidence. *Johnson,* 27 F.3d at 1193.

*Id.* at 1076-77 (emphasis in original).

As the proponent of the evidence, the Government is required to identify the specific purpose or purposes for which the Government seeks to offer the evidence. *Id.* After the Government does so, the Court determines whether each purpose identified by the Government is "material"; that is, whether it is "in issue" in the case. *Id*.

Here, the Government notes that Martin claimed, at the February 26, 2013 Duty Court

hearing, that he did not commit the charged offense. The Government therefore contends that the issues at trial, and Martin's defense, will involve identity as well as the elements of the felon in possession offense. Those elements, under the Sixth Circuit Pattern Criminal Jury Instructions (2013 Edition, § 12.01), are: 1) Defendant having been convicted of a felony punishable by imprisonment for more than one year; 2) Defendant knowingly possessed the firearm specified in the Indictment; and 3) the firearm specified in the Indictment traveled in or affected interstate commerce. The Government states that it intends to offer the events of December 20, 2000, and May 15, 2002, for the following purposes:

>  1. That on the dates of December 20, 2000 and May 21, 2002, as well as on the date of the instant charged offense, the defendant knowingly possessed firearms. (Knowledge, Absence of Mistake, Lack of Accident).
>  . . . .
>  2. That on the dates of December 20, 2000 and May 21, 2002, as well as on the date of the instant charged offense, the defendant purposefully tossed firearms while being pursued by law enforcement officers in order to avoid being caught in actual possession of the firearms. (Plan, Method of Operation, Absence of Mistake, Lack of Accident).
>
>  3. That on the dates of December 20, 2000 and May 21, 2002, as well as on the date of the instant charged offense, the defendant purposefully tossed firearms when being pursued by law enforcement officers. (Identity).

(Govt.'s Br., D.E. No. 17, at 7-8). The Government's brief then further discusses each of the above purposes in its brief and cites to cases supporting its positions.

Defendant disagrees and argues that the Government has not specified a proper purpose for the evidence. And Defendant's papers stress his position that any probative value is substantially outweighed by the prejudicial effect of the evidence in question.

Having considered the Government's stated purposes, and its arguments in support of its

motion, this Court concludes that the Government has not established a proper purpose for the admission of the evidence at issue.

Moreover, even if the Government could establish a proper purpose for the evidence, this Court finds that the probative value of the evidence would be substantially outweighed by the prejudicial effect.

The determination as to whether the probative value of the evidence is outweighed by the prejudicial effect of that evidence is left to the sound discretion of the Court. "One factor in balancing unfair prejudice against probative value under Rule 403 is the availability of other means of proof." *Merriweather*, 78 F.3d at 1077. Here, Martin's prior convictions are not the only evidence that the Government can use to establish the essential elements of the offense.

Another consideration is whether the "reverberating clang" of the evidence that Defendant committed the same or similar crime on another occasion will "drown the weaker sound" of the other evidence in the case, "leaving the jury to hear only the inference that if the defendant did it before, he probably did it again." *Id*. The Court finds that is the case here.

Accordingly, the Court shall deny the Government's Motion to Admit 404(b) Evidence.

The Court shall also grant Defendant's related motion to Exclude Evidence of Defendant's Prior Criminal Convictions. The Court's ruling on this motion, however, does not apply to certain portions of an audio recording that were referenced by Defense Counsel for the first time at the July 16, 2013 hearing. At the hearing, Defense Counsel stated for the first time that certain portions of audio recordings during the police pursuit should be excluded at trial. Defendant's motion did not include this argument and the motion did not attach a copy of the portion of the audio recording at issue. As such, the Government did not have an opportunity to

respond to this request and this issue has not been developed. The Court shall therefore determine the admissibility of the portion of the audio recording at issue at trial.

### II.    Defendant Martin's Motion For Disclosure Of Discovery And *Brady/Giglio* Material

In this motion, Martin requests that the Court order the Government to promptly disclose *Brady* and *Giglio* material, and all discovery material pursuant to the Standing order and Rule 16 of the Federal Rules of Criminal Procedure. Martin's motion includes numerous, and very broad, requests. Moreover, the vast majority of the requests appear moot based on Defense Counsel's own statements in the motion regarding the Government's responses to the various items.

Accordingly, as stated on the record at the July 16, 2013 hearing, this Court finds that the Government has adequately complied with all discovery requests to date. The Court shall deny this motion without prejudice. If, however, Defense Counsel believe that the records that the Defense and the Government have are incomplete, Defense Counsel can make arrangements with the officer in charge of the case to go look at the Westland records and any Inkster and Wayne records, if they exist.

### CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that the Government's Motion to Admit 404(b) Evidence (Docket Entry No. 17) is DENIED.

As set forth above, IT IS FURTHER ORDERED that Defendant's related Motion to Exclude Evidence of Defendant's Prior Convictions (Docket Entry No. 21) is GRANTED. The Court's ruling on this motion, however, does not apply to certain portions of an audio recording that were referenced by Defense Counsel for the first time at the July 16, 2013 hearing. The Court shall determine the admissibility of the portion of the audio recording at issue at trial.

IT IS FURTHER ORDERED that Defendant's overly-broad and unspecified discovery motion (Docket Entry No. 19) is DENIED WITHOUT PREJUDICE.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: July 16, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 16, 2013, by electronic and/or ordinary mail.

        S/Jennifer McCoy
        Case Manager